***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is incarcerated in the North Carolina Department of Correction and is currently housed at Pasquotank Correctional Institution in Elizabeth City, North Carolina.
2. On or about April 7, 2000, plaintiff was inadvertently struck in the face by a baseball bat, which another inmate released after swinging it. As a result, plaintiff sustained serious facial injuries, including bruising, a laceration to his lip, facial swelling and his number 8 tooth was knocked loose.
3. Plaintiff is complaining that he did not receive adequate medical treatment for this injury and for subsequent ear problems. However, the medical records show that plaintiff received emergency medical treatment immediately after he sustained the injury, and plaintiff acknowledged that he was taken that same day to Albemarle Hospital, where his wounds were sutured and he was given Vicodin, a pain medicine.
4. Plaintiff testified that a month or so later, he began having bleeding from his ears, which he believes is related to his facial injury. The medical records show that around April 21, 2000, plaintiff was seen by medical staff for complaints of blood in his right ear canal. Plaintiff was seen again on May 18, 2000.
5. Dr. Anderson requested a consultation with Dr. Wood, who saw plaintiff on or about June 16, 2000. Dr. Wood assessed plaintiff with right ear canal bleeding from an old scratch. Dr. Wood was of the opinion that plaintiff's ear bleeding was not related to the prior injury. Dr. Wood cleaned the ear and prescribed ear drops as needed. Dr. Wood did not believe a return appointment was necessary.
6. The medical records indicate that plaintiff has received all appropriate and reasonably necessary medical care, including treatment for his ear complaints, with evaluation by Dr. Wood. There is no evidence that the medical staff did not comply with the appropriate standard of medical care in treating plaintiff either immediately after the injury or for his subsequent ear complaints, which may or may not have been related to the injury.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove that he has been injured as a result of any negligence by correctional or medical staff of defendant with regard to the treatment rendered for his injuries of April 7, 2000 or subsequent ear complaints. Therefore, his claim must be denied pursuant to N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 14th day of October 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER